**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4199**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

LAMONT JONES,

          Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Richard D. Bennett, District Judge.
(1:08-cr-00334-RDB-1)

Submitted:  January 29, 2010      Decided:  February 10, 2010

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Franklin W. Draper,
Assistant Federal Public Defender, Paresh S. Patel, Staff
Attorney, Greenbelt, Maryland, for Appellant.  Rod J.
Rosenstein, United States Attorney, Cheryl L. Crumpton,
Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamont Jones appeals his conviction pursuant to his guilty plea to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Jones entered a conditional guilty plea and reserved his right to appeal the district court's denial of his motion to suppress evidence found during a traffic stop. On appeal, Jones argues that the district court erred in denying his motion to suppress. He asserts that, because the officers' admitted intention in stopping his vehicle was to give him a warning that his headlight was out, once the purpose of the stop was complete, the police did not have reasonable suspicion to frisk him. We affirm.

We review the district court's factual findings underlying the denial of a motion to suppress for clear error, and its legal determinations de novo. United States v. Perry, 560 F.3d 246, 251 (4th Cir.), cert. denied, 130 S. Ct. 177 (2009). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. See United States v. Neely, 564 F.3d 346, 349 (2009).

Observation of any traffic violation, no matter how minor, gives an officer probable cause to stop the driver. United States v. Hassan El, 5 F.3d 726, 730 (4th Cir. 1993). A

2

routine and lawful traffic stop permits an officer to detain the motorist to request a driver's license and vehicle registration, to run a computer check, and to issue a citation. United States v. Branch, 537 F.3d 328, 335 (4th Cir.), cert. denied, 129 S. Ct. 943 (2009). An officer may perform these procedures regardless of his subjective motivations in initiating the traffic stop, "as long as the circumstances, viewed objectively, justify [the] action." Whren v. United States, 517 U.S. 806, 813 (1996) (internal quotation marks omitted); see Hassan El, 5 F.3d at 730. Any further detention or investigation beyond the purpose of the original traffic stop, however, must be supported by a reasonable, articulable suspicion that criminal activity is afoot, assessed under the totality of the circumstances. Branch, 537 F.3d at 336-37.

Our review of the record leads us to conclude that the district court did not err in finding that the officers had probable cause to initiate the traffic stop in question. In performing the traditional incidents of a traffic stop, the officers developed an objectively reasonable suspicion that Jones was engaged in criminal activity. See United States v. Foreman, 369 F.3d 776, 782-85 (4th Cir. 2004). Consequently, the detention and subsequent frisk, which disclosed a handgun on Jones's person, did not violate Jones's Fourth Amendment rights,

3

and the district court properly denied Jones's motion to suppress.

Accordingly, we affirm Jones's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4